## LEACH *vs.* ROGERS.

R. agrees to sell to L. a place known as the Brick Yard place, and to receive pay in work.  L. does the work, and R. agrees to make a title, but afterwards uses the property and conveys it for his own purposes.  L. has a right to sue R. and recover for the work.

Complaint on account, in Floyd superior court.   Tried before Judge HAMMOND, August Term, 1858.

This was an action by Leach against Rogers to recover two hundred and seventy dollars and fifty one cents, on an account.

The facts of this case are about as follows:

The plaintiff bought a place in the city of Rome, known as the Brick Yard place, from defendant, for three hundred and fifty dollars, and paid for the same in work done for defendant.   After this, but before defendant had made titles, plaintiff exchanged the brick yard place for a tract of land in the country, with one E. P. Treadaway.  · Treadaway executed a deed to plaintiff for the land which he let him have, and called on Rogers for titles to the brick yard place, but Rogers put him off and never executed titles to him, nor to Leach.   Leach subsequently removed from the county, (Floyd,) and under an attachment sued out against him, the land which he got from Treadaway was levied on and sold.   At the sale, Treadaway gave notice that he had a lien on the premises for $420, being the estimated purchase money, he never having obtained title for the brick yard place, which Leach was to let him have in exchange.   The land was sold and bought by Rogers for about one hundred dollars, and he afterwards, upon Treadaway releasing his vendor's

lein, executed to him titles for the brick yard. And Leach now sues to recover from Rogers the amount of his account for work &c., and which was to go in payment for the brick yard, but the title to which he never obtained.

Upon this state of facts, the court, on motion of defendant's counsel, ordered a non-suit, and plaintiff excepted.

T. W. ALEXANDER, for plaintiff in error.

UNDERWOOD & SMITH, *contra.*

*By the Court.*—McDONALD, J., delivering the opinion.

The plaintiff had purchased the brick yard place of the defendant, and paid him for it in work, and the defendant, more than once agreed to make a title to one of the witnesses, Tredaway, to whom the plaintiff had exchanged the brick yard place for other land. The value of the land for which it was exchanged was four hundred and twenty dollars. The price paid for the brick yard place in work, was three hundred and fifty dollars. The plaintiff removed from the county, and the land which he had received in exchange for the brick yard place, was attached as his property and sold by the sheriff. Tredaway, not having been able to obtain from Rogers a title to the brick yard property, which he acknowledged the plaintiff had paid him for, gave notice at the sheriff's sale that he had a vendor's lien of four hundred and twenty dollars, on the land. It was sold subject to this lien, and the defendant, Rogers, bought it at the price of $103. The lien claimed by Tredaway, resulted from the refusal of the defendant, Rogers, to execute the title to Tredaway, for the brick yard place. If he had executed that title, there would have been no lien, and if there had been no lien, there could have been no notice of a lien at the sheriff's

sale, and if there had been no notice, the plaintiff's land must have sold for five hundred and twenty-three dollars, and he would have had, or been entitled, to that sum for his land. As it is, he received a benefit amounting to only one hundred and three dollars, and the defendant never paid him for his work. After the defendant purchased the land he agreed to make Treadaway a deed to the brick yard place for the vendor's lien which he held on the land, and to extinguish that, Rogers made a title to Treadaway of the brick yard place, which, according to the evidence, the plaintiff having paid him for it, he held in trust for, and was bound to convey to the plaintiff. Treadaway had put an end to his claim in the brick yard property by giving notice of his vendor's lien ; by that act the right to a title reverted to the plaintiff, Leach. I see no reason myself, why he could not enforce his right in a court of chancery and compel a specific performance of that contract as the parties all had notice. But he, unquestionably, has the right to affirm all these proceedings by the parties, and claim payment from Rogers of his account.

We think the cause ought to have gone to the jury. It is clear the account had never been paid. The judgment of the court below must be reversed.

Judgment reversed.